United States District Court
Southern District of Texas
**ENTERED**
March 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARD E. BONNER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-3805 |
| | § | |
| NEWREZ LLC D/B/A SHELLPOINT | § | |
| MORTGAGE SERVICING, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (ECF 46) and Defendant's Response (ECF 50). Having considered the parties' submissions and the law, the Court recommends that Plaintiff's Motion to Remand be DENIED.

### I.  Background

Plaintiff owns a home at 4302 Ennis Street, Houston, Texas 77004. ECF 1-3 ¶2. Defendant Shellpoint Mortgage Servicing services his mortgage loan and has notified him he is in default on the loan. *Id*. ¶8. Plaintiff, proceeding pro se, initiated this case in state court on September 26, 2024 to stop the sale of his residence at a foreclosure sale noticed for October 1, 2024. *Id.* Defendant removed the case to this federal court on October 7, 2024 on the basis of diversity jurisdiction. ECF 1.

## II.   Removal/Diversity Jurisdiction

A defendant may remove a case from state court to federal court if the federal court has jurisdiction.  28 U.S.C. § 1441(a).  Federal jurisdiction is limited.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).  The party invoking this Court's removal jurisdiction bears the burden of establishing the existence of federal jurisdiction.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).  Any doubt regarding the propriety of removal should be construed strictly in favor of remand.  *Id.*

A civil case may be removed to federal court based on diversity subject matter jurisdiction where (1) the amount in controversy exceeds $75,000, and (2) the controversy is between citizens of different states, meaning the citizenship of all persons on one side of the controversy differs from that of all persons on the other side.  28 U.S.C. § 1332(a)(1).

The citizenship of limited liability companies, for diversity jurisdiction purposes, is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 107, 1080 (5th Cir. 2008). As the removing party, Defendant bears the "burden to 'distinctly and affirmatively allege[] the citizenship of the parties[.]'" *Trafigura AG v. Enter. Prod. Operating LLC*, 995 F. Supp. 2d 641, 646 (S.D. Tex. 2014) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

### III.   Analysis

Plaintiff contends this case must be remanded to state court because Defendant has not met its burden to establish (1) complete diversity or (2) the minimum amount in controversy.  *See* ECF 46.  Both contentions are wrong.

Shellpoint has met its burden to specifically allege the citizenship of every LLC in its chain of ownership. *Settlement Funding, L.L.C. v. Rapid Settlements*, Ltd., 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.").   Shellpoint expressly identified the citizenship of all members of the LLC in its Notice of Removal. ECF 1 at 2.  Specifically, Shellpoint is a wholly owned subsidiary of Shellpoint Partners, LLC, which is a wholly owned subsidiary of NRM Acquisition LLC and NRM Acquisition II, LLC.  *Id.*  Both NRM Acquisition LLC and NRM Acquisition II LLC are wholly owned subsidiaries of New Residential Mortgage LLC, which is a wholly owned subsidiary of Rithm Capital Corp., a Delaware corporation with its principal place of business in New York.  Thus, Shellpoint is citizen of Delaware and New York for purposes of diversity jurisdiction.  *Id.*  Plaintiff's residence and domicile are in Texas and thus he is a Texas citizen for purposes of diversity.  Therefore, Shellpoint has met its burden to plead complete diversity and Plaintiff has not contradicted those allegations.

Plaintiff does not deny the amount in controversy exceeds $75,000 in this case but argues that Shellpoint's assertion that "the value of the relief sought" exceeds $75,000 is speculative.  ECF 46 at 2.  A party can meet its burden to show that the minimum amount in controversy is met if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount" *See Ordonez v. NewRez LLC*, No. 7:20-CV-00326, 2020 WL 7258363, at *2 (S.D. Tex. Dec. 9, 2020) (citations omitted). In the Fifth Circuit, "when 'a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Perez v. Wells Fargo USA Holdings, Inc*., No. 7:19-CV-317, 2019 WL 6687704, at *4 (S.D. Tex. Dec. 6, 2019) (citing *Waller v. Prof'l Ins. Corp*., 296 F.2d 545, 547-48 (5th Cir. 1961)).  In addition, while the amount of the note on a property may not reflect the property's precise value, it "is also sufficient to satisfy the amount in controversy requirement for diversity jurisdiction." *Id.*  Plaintiff took out a loan in December 2005 in the amount of $188,800.00.  ECF 38 at 15.  The Harris County Appraisal District assessed the 2024 market value of the property as $323,320. ECF 1 at 3; ECF 1-4 at 2.  Therefore, the amount in controversy in this case exceeds $75,000.

## IV.    Conclusion and Recommendation

For the reasons stated above, the Court recommends that Plaintiff's Motion to Remand (ECF 46) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 05, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge