UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARD E. BONNER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-3805 |
| | § | |
| NEWREZ LLC D/B/A SHELLPOINT | § | |
| MORTGAGE SERVICING, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter in which Plaintiff Bernard E. Bonner is proceeding pro se is before the Court on Defendant's Motion for Judgment on the Pleadings.[1] ECF 38. The Court recommends that Defendant's Motion be granted.[2]

## I.    Background

Plaintiff obtained a mortgage in December 2005 in the amount of $188,800.00 for the purchase of residential property located at 4302 Ennis Street, Houston, Texas 77004 (the Property). ECF 1-3; ECF 38 at 15. The Note is secured by a Deed of Trust. ECF 38 at 24. Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint) is the mortgage servicer. ECF 38 at 42. Shellpoint posted the Property to be sold at a foreclosure sale on October 1, 2024. ECF 1-3 ¶6; ECF 38 at 38 at 42.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

[2] The Court has recommended denial of Plaintiff's Motion to Remand (ECF 46) in a separate Memorandum and Recommendation. ECF 55.

Plaintiff initiated this lawsuit against Shellpoint in state court on September 26, 2024 to avoid the October 1, 2024 foreclosure sale. ECF 1-3. On September 27, 2024, the state court issued a TRO enjoining foreclosure, which expired by its own terms. *Id.* at 11-13. Defendant timely removed the case to federal court asserting diversity subject matter jurisdiction. ECF 1. The Court issued a Scheduling and Docket Control Order and ordered the parties to comply with the Initial Discovery Protocols for Residential Mortgage Cases. ECF 12; ECF 26.

The Court denied Plaintiff leave to file an Amended Complaint because the request was untimely and futile. ECF 35; ECF 37. The Court also denied Plaintiff's "Renewed Motion for Leave to File Amended Complaint Nunc Pro Tunc and to Modify Scheduling Order Pursuant to FRCP 15(A)(2), 16(b)(4), and 6(B)(1)(B)" and his "Motion to Strike Defendant's Motion for Judgment on the Pleading, or in the Alternative, to Deny as Premature." ECF 45. The Court granted "Plaintiff's Motion for Leave to File Out-of-Time Response to Defendant's Motion for Judgment on the Pleadings." ECF 54. Defendant's Motion for Judgment on the Pleadings (ECF 38) under Rule 12(c) is now ripe for determination.

## II.     Rule 12(c) Standards

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). A motion to dismiss under 12(c) is governed by the

same standards as a motion for failure to state a claim for relief under Rule 12(b)(6). *Couch v. Bank of New York Mellon*, No. 24-10297, 2024 WL 4471309, at *1 (5th Cir. Oct. 11, 2024); *Vardeman v. City of Houston*, 55 F.4th 1045, 1049–50 (5th Cir. 2022); *Lahijani v. U.S. Bank Tr. Nat'l Ass'n as Tr. for LSF9 Master Participation Tr.*, No. CV H-25-5366, 2025 WL 3653757, at *2 (S.D. Tex. Dec. 17, 2025); *Jelks v. Lakeview Loan Servicing LLC*, No. 4:25-CV-3123, 2025 WL 4076507, at *1 (S.D. Tex. Dec. 16, 2025), *report and recommendation adopted*, No. 4:25-CV-03123, 2026 WL 191693 (S.D. Tex. Jan. 22, 2026).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

In this case, Defendant asks the Court to take judicial notice of the Note, Deed of Trust, Assignment, and Notice of Acceleration and Notice of Trustee's Sale, which are attached to the Motion as Exhibits A-D, because "they are public records whose authenticity cannot reasonably be questioned." ECF 38 at 6. Plaintiff contends the Note is not a public record and that judicial notice "cannot be used to resolve contested factual issues central to Plaintiff's case, including whether notices and conditions precedent were properly satisfied, whether the amount demanded in correct, whether acceleration was properly invoked, and whether Defendant is acting under a valid servicing authority for the party entitled to enforce." ECF 47 at 3. Plaintiff does not contest the authenticity of the documents. *See id*. 2-3. Plaintiff's

objection to consideration of the documents is overruled.  Even if the Note is not a public record, Plaintiff has expressly conceded that the Note, Deed of Trust, Assignment, and Notice of Acceleration and Notice of Trustee's Sale, all of which are referenced in his Petition through his allegations of foreclosure by Shellpoint, and are central to his claims.  Therefore, the Court may properly consider the Note, Deed of Trust, Assignment, and Notice of Acceleration and Notice of Trustee's Sale when deciding Defendant's Rule 12(c) Motion.

## III.    Analysis

As Defendant points out, Plaintiff's Original Petition does not identify any federal or state law cause of action.[3]  *See* ECF 1-3.  The factual allegations in the Original Petition are limited to the following:  (1) Plaintiff owns residential property at 4302 Ennis Street, Houston, Texas 77004 (Property); (2) the Property was posted for foreclosure sale October 1, 2024; and (3) Plaintiff disputes the amount Shellpoint demanded to satisfy his debt in full.  *Id.*  Plaintiff's Petition also asserts that Shellpoint is required "to prove that it has the right to foreclose, [and] that it has performed all the legal prerequisites."  *Id*. ¶9.

Although the Court must construe a pro se plaintiff's pleadings liberally, a pro se plaintiff "must still plead factual allegations that raise the right to relief beyond

---

[3] Plaintiff's proposed Amended Complaint (ECF 29), which the Court struck (ECF 35), lists several federal statutes but is as conclusory and devoid of relevant factual allegations as the Original Petition.

the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). Even a liberal construction of Plaintiff's Original Petition demonstrates it fails to state a plausible claim for relief. First, Plaintiff contends, contrary to Texas law, that his challenge to foreclosure shifts the burden to Shellpoint to prove its entitlement to foreclose. ECF 47 at 2. Under the Texas Property Code, a loan servicer has authority to foreclose on a mortgage on behalf of a mortgagee. TEX. PROP. CODE ANN. § 51.0025; *Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *6 (N.D. Tex. June 18, 2019) (mortgage servicer has authority to administer foreclosure proceedings pursuant to § 51.0025 as a matter of law). A mortgage servicer is not required to hold or own the Note to foreclose. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (a mortgage servicer is authorized to administer a foreclosure without holding the or owing the note). Here, it is undisputed that Shellpoint is the mortgage servicer for the mortgage loan at issue. ECF 47 at 2; *see also* ECF 38 at 42 (Notice of Acceleration and Notice of Trustee's Sale identifying Shellpoint as mortgage servicer). Furthermore, Plaintiff concedes that if he loses this case "defendant will be free to proceed with foreclosure." *See* ECF 1-3 ¶12. Therefore, Plaintiff has not stated a cause of action based on the incorrect legal assertion that Shellpoint has not established its authority to initiate foreclosure proceedings.

Second, Plaintiff asserts, without factual support, that Shellpoint's Notice of Acceleration does not accurately account for the amount due to satisfy Plaintiff's loan obligations in full. ECF 1-3; ECF 47 at 1. Plaintiff suggests in his Response that this allegation supports a cognizable claim for breach of contract. ECF 47 at 1. Aside from the fact that his Original Petition contains not even a hint of a breach of contract claim, his Response provides no basis for granting leave to assert such a claim against Shellpoint. Plaintiff fails to allege a valid contract, Plaintiff's performance, a breach by Defendant, or damages. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (identifying the essential elements of a breach of contract claim under Texas law as: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach). Plaintiff does not dispute that he is in default under the terms of the Note or that the Deed of Trust authorizes foreclosure as a remedy for default. Plaintiff fails to allege that he has tendered *any* amount to cure his default. *See generally* ECF 1-3; ECF 47. Plaintiff's vague and conclusory allegations regarding Shellpoint's accounting fail to state a plausible claim for relief.

Third, Plaintiff makes only a vague and conclusory allegation that Shellpoint has failed to satisfy "legal prerequisites" to foreclosure. ECF 1-3 ¶9. Plaintiff fails allege any facts regarding the "legal prerequisites" he claims are unsatisfied.

7

Therefore, he has failed to state a plausible claim for relief. To the extent Plaintiff contends that Shellpoint failed to give the required notice of default, acceleration, and foreclosure notices, his contentions are belied by the record. *See* ECF 38 at 42-43.

Finally, the Court finds that leave to amend would be futile. Plaintiff previously sought leave to amend to add new parties and the Court determined at that time that amendment would be futile. ECF 35. Plaintiff did not at that time, or now, present any detailed factual allegations that would support a cognizable cause of action claim against Shellpoint. *See* ECF 29; ECF 33; ECF 47. Given the undisputed fact that Plaintiff is in default on his loan, and his failure to identify any additional facts in Response to the Motion for Judgment that could support a cognizable claim in this case, leave to amend should be denied.

## IV.    Conclusion and Recommendation

For the reasons set forth above, the Court recommends that Defendant's Motion for Judgment on the Pleadings (ECF 38) be GRANTED and this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 05, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge