United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARD E. BONNER, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:24-cv-03805 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| NEWREZ, LLC, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDA AND RECOMMENDATIONS

Plaintiff Bernard E. Bonner proceeds here *pro se*. He sued Defendant NewRez, LLC, in the 215th Judicial District Court of Harris County, Texas, to prevent foreclosure sale. See Dkt 1-3 (original petition). Defendant removed based on diversity jurisdiction. Dkt 1 at 2–3. The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 7.

Defendant filed a motion for judgment on the pleadings. Dkt 38. Plaintiff then moved to remand, arguing that diversity jurisdiction was lacking. Dkt 46. Judge Bryan entered a Memorandum and Recommendation recommending that the motion to remand be denied. Dkt 55. She then entered a second Memorandum and Recommendation recommending that Defendant's motion for judgment on the pleadings be granted and this action be dismissed with prejudice. Dkt 56.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other

portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 57. On *de novo* review and determination, they lack merit.

Plaintiff complains that Defendant failed to meet its burden of establishing complete diversity and the amount in controversy. Id at 2. But Defendant specified its corporate structure in the notice of removal, and these were sufficient to support its citizenship in Delaware and New York. See Dkt 1 at 2. The Memorandum and Recommendation also correctly concluded that the amount in controversy is determined by the value of the property at issue, which exceeds the minimum threshold. See Dkt 55 at 4.

Plaintiff also objects to consideration by the Magistrate Judge of exhibits attached to the motion for judgment on the pleadings. See Dkt 57 at 3–4. But the note, deed of trust, assignment, and notice of acceleration and notice of trustee's sale were properly considered as referenced within and central to Plaintiff's claims. See Dkt 56 at 4–5. On consideration of the petition and materials referenced therein, the Magistrate Judge correctly determined that Plaintiff failed to state a plausible claim for relief and that amendment would be futile. Id at 5–8.

The objections otherwise lack merit. As such, the objections by Plaintiff Bernard E. Bonner to the Memoranda and Recommendations of the Magistrate Judge are OVERRULED. Dkt 57.

No clear error otherwise appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law.

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 55 & 56.

The motion by Plaintiff Bernard E. Bonner to remand is DENIED. Dkt 46.

The motion by Defendant NewRez, LLC, for judgment on the pleadings is GRANTED. Dkt 38.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on March 31, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge