United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARD E. BONNER,<br>  *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:24-CV-3805 |
| NEWREZ LLC D/B/A SHELLPOINT<br>MORTGAGE SERVICING,<br>  *Defendant*. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

On March 31, 2026, the Court entered Final Judgment in this mortgage foreclosure case in which Plaintiff Bernard E. Bonner is proceeding pro se.[1]  ECF 60.  Forty-six days later, on May 15, 2026, Plaintiff filed Plaintiff's Motion for Extension of Time to File Notice of Appeal Under Federal Rule of Appellate Procedure 4(a)(5), as well as his Notice of Appeal.  ECF 61; ECF 62.  Having reviewed the parties' submissions and the law, the Court recommends that Plaintiff's Motion be DENIED.

### I.    Background

Plaintiff initiated this case in state court to avoid an October 1, 2024 foreclosure sale.  ECF 1-3.  Defendant timely removed the case to federal court based

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 7.

on diversity jurisdiction.  ECF 1.  Plaintiff has a history of failing to comply with court procedures and deadlines in this case.  *See* ECF 28, 35, 37, 45, 54. The Court granted Plaintiff leave to file a late Response to Defendant's Motion for Judgment on the Pleadings under Rule 12(c).  ECF 54.  On March 31, 2026, the Court granted Defendant's Motion and dismissed this case with prejudice.  ECF 56 (adopted by ECF 59); ECF 60.  On May 15, 2026, Plaintiff filed a Notice of Appeal (ECF 62) and a Motion for Extension of Time to File Notice of Appeal. ECF 61.  Defendant filed a Response (ECF 64) and Plaintiff's Motion is now ripe for determination.

## II.    Federal Rule of Appellate Procedure (FRAP) 4(a)

A party must file a notice of appeal with the district clerk within 30 days after entry of the judgment or order appealed from.  FED. R. APP. PRO. 4(a)(1)(A).  The district court may extend the time to file a notice of appeal if the party seeking to appeal files a motion no later than 30 days after the time set in FRAP 4(a)(1)(A) expires and demonstrates excusable neglect or good cause for the late filing.  *Id.* 4(a)(5)(A).  The district court's extension "may not exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."  *Id.* 4(a)(5)(C).  When determining excusable neglect, district courts consider all relevant circumstances, including: "(1) 'the danger of prejudice,' (2) 'the length of the delay and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the

2

reasonable control of the movant,' and (4) 'whether the movant acted in good faith.'"

*Wilhite v. Ark Royal Ins. Co.*, No. 24-20401, 2025 WL 2588992, at *2 (5th Cir. Sept. 8, 2025) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). The district court's decision to grant or deny an extension under FRAP 4(a)(5) is reviewed for abuse of discretion. *Id.*; *see Dizon v. Vectrus Sys. Corp.*, No. 23-10734, 2023 WL 9226940, at *1 (5th Cir. Oct. 23, 2023) (dismissing appeal as untimely where district court denied extension of time because plaintiff received notice of the final judgment and did not claim he was unaware of the filing deadline).

## III.   Analysis

As set forth above, the Court entered Final Judgment in this case on March 31, 2026. ECF 60. Under FRAP 4(a)(1)(A), Plaintiff's Notice of Appeal was due on or before April 30, 2026. Plaintiff filed his Notice of Appeal on May 15, 2026, fifteen days late. ECF 62. Plaintiff also filed his Motion for Extension of Time on May 15, 2026. ECF 61. Because Plaintiff filed his Motion less than thirty days after April 30, 2026, it is governed by FRAP 4(a)(5). Plaintiff contends his failure to file a timely notice of appeal is the result of excusable neglect. ECF 61 at 1.

Plaintiff was aware of the 30-day deadline but argues that as a pro se plaintiff he "reasonably but mistakenly believed that additional post-judgment proceedings and clarification regarding the finality of the judgment and appealability timeline

remained pending following the Court's adoption order and entry of judgment." *Id.* at 2.  Plaintiff has failed to meet his burden to establish excusable neglect.

The delay occasioned by granting Plaintiff an extension is not limited to the 15-days his Notice of Appeal was late but includes the time for this Court to rule on Motion and the 14-day objection period for this Memorandum and Recommendation.  Even if the second factor in the excusable neglect analysis does not weigh heavily against an extension, the remaining factors do.

First, Defendant will be prejudiced by extending the deadline in this case. Plaintiff has been in default on his mortgage since 2023.  Defendant continues to incur expenses related to the subject property while this case is pending.  Defendant had every right to proceed with foreclosure immediately upon expiration of the April 30, 2026 deadline to appeal the Final Judgment but Plaintiff is attempting to put up another roadblock in path to foreclosure.

Second, Plaintiff's reason for the delay is less than compelling.  In general, pro se status and ignorance of the law alone do not establish excusable neglect.  *See Jenkins v. LaSalle Sw. Corr.*, No. 20-10533, 2025 WL 66734, at *3 (5th Cir. Jan. 10, 2025) (no abuse of discretion in denial of pro se litigant's Federal Rule of Civil Procedure 60(b)(1) motion because he failed to show excusable neglect).  Here, Plaintiff's neglect is particularly inexcusable because the Order of Adoption plainly states: "This action is DISMISSED WITH PREJUDICE.  A final judgment will enter

4

separately." ECF 59. And the Final Judgment plainly states: "The Clerk of Court is DIRECTED to close the case. This is a FINAL JUDGMENT." ECF 60. Plaintiff does not explain what "additional post-judgment proceedings and clarification regarding the finality of the judgment and appealability timeline" he believed remained pending. However, his belief, even if genuine, was not reasonable given that he did not file a post-judgment motion of any sort, much less one that would toll the "appealability timeline" pursuant to FRAP 4(a)(4).

Finally, the unreasonableness of Plaintiff's explanation for his failure to file a timely Notice of Appeal supports an inference that he is not acting in good faith. Plaintiff's dilatory filing is a continuation of his dilatory tactics throughout this case.

## IV.    Conclusion and Recommendation

For the reasons set forth above, the Court recommends that Plaintiff's Motion for Extension of time to File Notice of Appeal under Federal Rule of Appellate Procedure 4(a)(5) (ECF 61) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 01, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge